HON. ANTHONY A. ROTELLA Attorney, Niagara Falls Housing Authority
This is in response to your letter received September 17, 1976, wherein you ask for an opinion of the Attorney General whether or not the two offices of member on the Niagara Falls Housing Authority and member on the Niagara Frontier Transportation Authority when held by the same person at the same time are compatible.
The Niagara Frontier Transportation Authority was created by chapter 717 of the Laws of 1967 which amended the Public Authorities Law, Article 5, by adding Title 11-A thereto. Section1299-c(1) of the Public Authorities Law, contained in said Title 11-A, provides that the Authority, consisting of a chairman and ten other members appointed by the Governor with the consent of the Senate, shall be a body corporate and politic constituting a public benefit corporation. Section 1299-b, establishes the Niagara Frontier Transportation District as embracing the Counties of Erie and Niagara.
Public Authorities Law, § 1299-d (1), contained in said Title 11-A, provides:
 "1. The purposes of the authority shall be the continuance, further development and improvement of transportation and other services related thereto within the Niagara Frontier transportation district, including but not limited to such transportation by railroad, omnibus, marine and air, in accordance with the provisions of this title. It shall be the further purpose of the authority to develop and implement a unified mass transportation policy for such district."
Public Authorities Law, § 1299-c (6), also contained in said Title 11-A, provides:
 "6. Notwithstanding any inconsistent provisions of this or any other law, general, special or local, no officer or employee of the state, or of any public corporation as defined in the general corporation law, shall be deemed to have forfeited or shall forfeit his office or employment or any benefits provided under the retirement and social security law or under any public retirement system maintained by the state or any of its subdivisions by reason of his acceptance of membership on or chairmanship of the authority; provided, however, a member or chairman who holds such other public office or employment shall receive no additional compensation for services rendered pursuant to this title, but shall be entitled to reimbursement for his actual and necessary expenses incurred in the performance of such services."
Added Laws of 1957, chapter 913, section 2, effective April 24, 1957, created and established the Niagara Falls Housing Authority, as Title 12, section 415 in Article 13 of the Public Housing Law, as a "body corporate and politic" for the accomplishment of purposes specified in New York State Constitution, Article XVIII to be governed under the provisions of the Public Housing Law, Article 3, with the powers as provided for in section 37 (1), which include, inter alia:
 "(a) investigate into living conditions in the municipality and into the means of improving such conditions;
 "(b) determine where insanitary or substandard housing conditions exist;
* * *
 "(e) construct, reconstruct, improve, alter or repair or provide for the construction, reconstruction, improvement, alteration or repair of any project;
"(f) demolish structures;
"(g) clear areas;
 "(h) lease, purchase, or otherwise acquire, manage, operate all or any part of any project, or any dwelling unit or units therein, undertaken or completed by any government or housing company;
 "(i) Act as agent for or enter into contracts and otherwise cooperate with the federal government in connection with a federal or municipal project, or any federally-aided program to provide dwelling accommodations for persons of low income * * *."
Public Housing Law, § 30 (4), provides, in part:
 "4. Not more than one member of an authority may be an official or an employee of the municipality at any one time. In the event that an official or an employee of the municipality shall be appointed as a member of the authority, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way. * * *"
We find no other statutory prohibition that would disqualify a member of a municipal housing authority from simultaneously holding another public office.
It is a general rule that one person may hold two public offices simultaneously unless such holding is expressly prohibited by the New York State Constitution or other law or the two offices are of such a nature that the simultaneous holding of both by the same person creates an incompatibility under the common law (People v. Irwin, 166 Misc. 492 [Court of General Sessions of County of New York, 1938]). (See, People ex rel. Ryan v.Green, 58 N.Y. 295.)
In People ex rel. Ryan v. Green, 58 N.Y. 295 (1874), a landmark case on the subject of incompatibility of offices, Judge Folger stated at page 304:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (Emphasis supplied.)
Examining the duties required of a member on the Niagara Frontier Transportation Authority and that of a member on the Niagara Falls Housing Authority, we find no incompatibility in such duties within the purview of the above language.
Accordingly, we conclude that the two offices of member on the Niagara Frontier Transportation Authority and member on the Niagara Falls Housing Authority when held by the same person at the same time are compatible.